# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00306-CR

**The State of Texas, Appellant**

**v.**

**Ryan Getman, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-05-301112, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

## O P I N I O N

The State appeals the district court's order granting appellee Ryan Getman's motion to bar prosecution based on collateral estoppel. We will reverse the order and remand the cause for further proceedings in the district court.

## BACKGROUND

In March 2002, Getman was convicted of theft in the 214th District Court of Nueces County, cause number 01-CR-3522-F. Punishment was assessed at two years' confinement in state jail, but imposition of sentence was suspended and Getman was placed on community supervision for five years. In June 2005, while Getman was still on probation, an indictment was filed in the instant Travis County cause accusing Getman of aggravated assault, committed on or about January 31, 2005.

On September 20, 2005, the Nueces County District Attorney moved to revoke Getman's probation in the theft case. Among the several grounds alleged was Getman's commission of the Travis County assault. The motion was heard by the 214th District Court of Nueces County on December 12, 2005. At the conclusion of the hearing, the court found that Getman had violated the terms and conditions of his probation, but the court opted to continue Getman on probation subject to additional sanctions and conditions.

On March 22, 2007, Getman filed his "motion to bar prosecution on collateral estoppel basis" in the Travis County cause. In this motion, Getman urged that the State, at the Nueces County revocation hearing, had failed to prove that he committed the assault alleged in the instant cause. Getman argued that as a result, the State was collaterally estopped from prosecuting the Travis County aggravated assault indictment. Following a hearing, the district court granted Getman's motion, ruling that further prosecution is barred by collateral estoppel. The State appeals this order.

## JURISDICTION

The district court's written order states that it "is intended to be an appealable order pursuant to Article 44.01(a)(4), Code of Criminal Procedure." Article 44.01(a)(4) permits the State to appeal an order sustaining a claim of former jeopardy. Tex. Code Crim. Proc. Ann. art. 44.01(a)(4) (West Supp. 2007). Both Getman's motion to bar prosecution and the district court's order granting that motion are based on the collateral estoppel component of the Fifth Amendment Double Jeopardy Clause. U.S. Const. amend. V; *Ashe v. Swenson*, 397 U.S. 436, 445 (1970). The court of criminal appeals has stated that article 44.01 permits the State to appeal a trial court order

2

that "effectively terminates the prosecution in favor of the defendant." *State v. Moreno*, 807 S.W.2d 327, 332 (Tex. Crim. App. 1991) (construing article 44.01(a)(1)). The district court's order effectively terminates this prosecution in Getman's favor. We conclude that the order is appealable by the State, and the appeal is properly before us.

## STANDARD OF REVIEW

The court of criminal appeals has recently discussed the standard of review in collateral estoppel cases. *See State v. Stevens*, 235 S.W.3d 736 (Tex. Crim. App. 2007). In *Stevens*, the defendant, while on deferred adjudication supervision in Brazoria County, was arrested for and charged with driving while intoxicated in Tom Green County. *Id*. at 737. A motion to adjudicate was also filed in Brazoria County. *Id*. The trial court in Tom Green County granted a motion to suppress evidence, and that prosecution was dismissed. *Id*. at 737-38. Thereafter, the Brazoria County court in which the motion to adjudicate was pending also granted a motion to suppress evidence based on collateral estoppel. *Id*. at 738. The State appealed that order. *Id*.

The court of appeals in *Stevens* held that the Brazoria County court's ruling should be afforded almost total deference. *Id*. at 739; *see State v. Stevens*, 187 S.W.3d 565, 566-67 (Tex. App.—Houston [14th Dist.] 2006). The court of criminal appeals disagreed:

> We disagree with the Court of Appeals' application of the same standard of review to both the Tom Green County and Brazoria County cases. Although an "almost total deference" standard would be appropriate in the Tom Green County DWI case, because that court heard witness testimony and was in a position to make credibility determinations, the decision of the Tom Green County court is not under review here. The sole ruling under review is that of the Brazoria county court. As such, the appropriate standard of review should be based solely on the circumstances surrounding that decision.

3

*Stevens*, 235 S.W.3d at 739.  After restating the bifurcated standard of review articulated in *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1977), the court continued:

> Appellate courts review *de novo* applications of law to facts that do not involve determinations of credibility and demeanor.  A decision to apply collateral estoppel is a question of law, applied to the facts, for which *de novo* review is appropriate.

*Stevens*, 235 S.W.3d at 740 (footnote omitted).

Among the exhibits introduced in evidence at the hearing below was a transcription of the court reporter's notes from the Nueces County revocation hearing.  To the extent that the Nueces County district court made findings of historical fact based on the evidence adduced at that hearing, those findings are accorded almost total deference.  Getman briefly testified at the hearing below.  To the extent that the Travis County district court made findings of historical fact based on that testimony, we would similarly afford those findings almost total deference.  But the court's determination that issues of ultimate fact were determined at the Nueces County probation revocation hearing that preclude Getman's prosecution for aggravated assault is an application of law to facts question that does not involve a determination of credibility and demeanor.  That decision turns instead on the content of the record from the Nueces County proceeding and the legal significance of those contents.  In making these determinations, the Travis County district court is situated similarly to this Court, and there is no basis for us to defer to that court's assessment—whether styled "findings of fact" or "conclusions of law"—regarding what the Nueces record contains, much less its application of legal principles to that record.  We accordingly

review de novo the district court's decision that Getman's Travis County prosecution is barred by collateral estoppel.

**COLLATERAL ESTOPPEL**

The collateral estoppel rule "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe*, 397 U.S. at 443. In *Ashe*, the United States Supreme Court held that the Double Jeopardy Clause incorporates collateral estoppel as a constitutional requirement. *Id*. at 445.

The defendant in *Ashe* urged that his acquittal in a prosecution for robbing a participant in a poker game barred his subsequent prosecution for robbing another participant in the game. *Id*. at 339. After cautioning that criminal collateral estoppel should not be applied in a "hypertechnical" manner, the Court wrote:

> Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.

*Id*. at 444. Applying this rule to the record before it, the Court concluded that the only rational basis for Ashe's acquittal at his first trial was that the jury had found that Ashe was not the robber. *Id*. at 445. Therefore, the state was collaterally estopped from relitigating that issue before a different jury in the second prosecution. *Id*. at 446.

To determine whether collateral estoppel bars a subsequent prosecution or bars relitigation of certain facts at a subsequent prosecution, courts must determine (1) exactly what facts

were necessarily decided in the first proceeding, and (2) whether those necessarily decided facts constitute essential elements of the offense in the second trial. *Ex parte Taylor*, 101 S.W.3d 434, 440 (Tex. Crim. App. 2002). The very fact or point in issue must have been determined in the prior proceeding. *Id*. at 441. The entire record from the earlier proceeding must be examined with realism and rationality to determine precisely what fact or combination of facts were necessarily decided and which will then bar their relitigation. *Id*. The question is not whether there is a possibility that an ultimate fact was determined adversely to the prosecution; rather, the outcome of the earlier proceeding must necessarily have been grounded on the issue which the defendant seeks to foreclose from relitigation. *Ladner v. State*, 780 S.W.2d 247, 254 (Tex. Crim. App. 1989). It is the defendant's burden to demonstrate that the factual issue he seeks to foreclose was actually decided in the first proceeding. *Guajardo v. State*, 109 S.W.3d 456, 460 (Tex. Crim. App. 2003).

The court of criminal appeals has held that a probation revocation hearing can give rise to collateral estoppel. *See Ex parte Tarver*, 725 S.W.2d 195 (Tex. Crim. App. 1986). However, for collateral estoppel to apply, (1) there must be a fact-finding by the trial court at the probation revocation proceeding that illustrates the basis for the court's decision; *Jaime v. State*, 81 S.W.3d 920, 926 (Tex. App.—El Paso 2002, pet. ref'd); *Wafer v. State*, 58 S.W.3d 138, 141 (Tex. App.—Amarillo 2001, no pet.); and (2) that fact-finding must be adverse to the State on a fact elemental to the subsequent prosecution. *Id.* at 141.

## THE NUECES COUNTY HEARING

The record reflects that after being placed on probation in Nueces County, Getman was permitted to move to Travis County. According to the Travis County arrest warrant affidavit,

on January 31, 2005, Getman had a verbal and physical confrontation with cast members of a cable television program called "The Real World." During this altercation, Getman struck Daniel Jamieson's face with his fist, breaking Jamieson's cheek bone and damaging an eye. The incident was captured on videotape. The resulting indictment accuses Getman of aggravated assault with serious bodily injury (count one) and aggravated assault with a deadly weapon (count two).

On March 20, 2005, the Nueces County District Attorney moved to revoke Getman's probation. The motion to revoke alleged that Getman had committed a subsequent offense (the Travis County assault), failed to report his Travis County arrest, failed to pay his court costs and supervision fees, failed to report to his probation officer, and failed to complete his community service restitution.

The State's only witness at the revocation hearing was Grace Guerra, Getman's Nueces County probation officer. Guerra testified that Getman was behind on his court costs and supervision fees in the amount of $561. During cross-examination, Guerra said that Getman had called her to report that his ability to pay had been adversely affected by the birth of his child, and that she had told him "to make payments as he could." With regard to the assault, Guerra testified that Getman did not report his arrest. Guerra testified that she had watched the videotape of the incident, which she described as "a slow motion of Mr. Getman punching one of the "Real World" people in the face and knocking him to the ground." On cross-examination, Guerra acknowledged that the videotape she watched had been edited by the cable network, that she had seen no other footage of the event that might exist, that it was possible that the network had edited the videotape

7

"to depict what [it] would want it to depict," that she did not know "why Mr. Getman might have been in an altercation," and that she did not know whether or not Getman had acted in self-defense.

Getman's wife testified for the defense. She described the circumstances surrounding the birth of their child and their limited income. She testified that Getman was not a violent person, but she acknowledged that he might benefit from anger-management counseling.

After the close of testimony, the prosecutor told the court that "the State has proven, I think, maybe one or two of these allegations, if certainly not all of them. I think it's pretty apparent that Mr. Getman was arrested. I think many people saw that happen, and I think it's true he hasn't paid anything." The prosecutor did not object to Getman being continued on probation, but urged that he be required to take anger-management classes. Defense counsel argued that "the State's allegations were proven, if at all, only by the indirect testimony of the Austin probation supervision people who did not appear today . . . . The underlying arrest has not been proven to be an actual violation of the law, which would also be a violation of probation." Counsel urged that Getman be continued on probation.

The district court then orally announced its findings.[1] With regard to Getman's failure to pay his costs and fees, the court said:

_____

[1] One month after the revocation hearing, the court signed a written "order imposing sanctions on defendant and continuing or modifying probation" stating that the court found that Getman "has violated those conditions of probation for which Defendant entered Defendant's plea of true." As the record from the hearing reflects and this order elsewhere states, Getman entered a plea of "not true" to all the grounds alleged. At the hearing below, it was agreed that the written order was inaccurate and that the Nueces County district court's oral findings were controlling.

8

> [A]ccording to the testimony that I've heard, you did everything you could to fulfill your financial obligation to this court and the court finds that you did everything you possibly could, based on the circumstances.

With regard to the assault, the court said:

> [N]ow there is a violation that you were arrested and failed to report, according to your probation orders, within 48 hours, that you were arrested, not whether you were found guilty or not. I'm not interested in that right now, just that you were arrested, and there's nothing to controvert that. So the only thing I have is that you have been arrested, and you didn't do—you didn't report as you were ordered to do so before. Therefore, the court finds that you violated the terms and conditions of your probation.

The court continued Getman on probation, but the court ordered him to spend thirty days in the county jail and to attend anger-management classes. The court then added:

> Mr. Getman, you need to get your life together. You got a child you got to worry about. I don't know what the situation was about that altercation. It's possible that you could have been defending yourself. It's a possibility you could have been the wrong person. The fact is you were arrested, and you failed to report.

## THE TRAVIS COUNTY HEARING

Citing *Ashe* and *Tarver*, Getman moved to bar further prosecution of the Travis County aggravated assault indictment on the ground of collateral estoppel. The motion argued that the question of Getman's commission of the assault had been tried before the Nueces County district court acting in its judicial capacity, that there had been a full hearing at which the parties had an opportunity to litigate the issue, and that the court acting as trier of fact had determined in a final judgment that the State had failed to prove by even a preponderance of the evidence that Getman was guilty of the assault. Although Getman briefly testified at the hearing on

9

the motion, the evidence at the hearing consisted primarily of records from the Nueces County district court, including the reporter's record from the revocation hearing. After hearing the arguments of counsel, the district court announced that it was granting the motion to bar further prosecution of the Travis County cause. The district court later filed a nine-page order containing what were termed findings of fact and conclusions of law.

## DISCUSSION

The State contends that the outcome of the Nueces County probation revocation hearing does not present a collateral estoppel bar to prosecution of the Travis County assault indictment for two reasons. First, the State argues that there was no privity in the relationship between the Nueces County District Attorney and the Travis County District Attorney. Second, the State urges that Getman did not meet his burden of proving that a fact essential to his prosecution for aggravated assault was found adversely to the State at the revocation hearing. We need not address the State's contentions regarding privity because we conclude that Getman did not meet his burden of proving that the Nueces County district court found adversely to the State on a fact essential to his prosecution for aggravated assault.

In the case before us, the record reflects that the State alleged five grounds for revoking Getman's Nueces County probation. The Nueces County district court made two specific findings of fact regarding those allegations: (1) that Getman "did everything [he] could to fulfill [his] financial obligations," and therefore did not violate the conditions of probation requiring him to pay fees and costs; and (2) that Getman was "arrested and failed to report, according to [his] probation orders, within 48 hours, that [he] was arrested," and therefore did violate the condition

10

of probation requiring him to report any arrest. This finding was alone sufficient to justify revoking Getman's probation. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (violation of single condition sufficient to support revocation). Therefore, it was unnecessary for the court to make any additional findings regarding the other grounds alleged, including whether Getman committed the subsequent assault offense. The court clearly understood this, saying, with respect to Getman's guilt or innocence in the assault case, "I'm not interested in that right now, just that you were arrested." This is not a finding of fact regarding the alleged assault; it is a refusal to make a finding of fact.

Getman argues, however, that other comments by the Nueces County district court did, in context, constitute a finding that he was not guilty of the alleged Travis County aggravated assault. Getman points to the court's statement that "the only thing I have is that you have been arrested, and you didn't . . . report." Getman reads into this statement a finding that there was no evidence that he committed the alleged aggravated assault. But because this statement was made immediately after the court had said that it was "not interested" in the assault allegation, it must be viewed in that context as merely reflecting the court's decision not to make a finding regarding the alleged subsequent offense. We also find no support for Getman's argument in the comments of the court at the conclusion of the revocation hearing. The court said, referring to the Travis County assault allegation, "I don't know what the situation was about that altercation," adding that it was "possible" that Getman might have been defending himself and that it was "a possibility" that he could have been misidentified. These statements fall short of demonstrating that the issue of whether Getman committed the aggravated assault was necessarily determined against the State. *Ladner*, 780 S.W.2d at 254; *State v. Nash*, 817 S.W.2d 837, 842 (Tex. App.—Amarillo 1991, pet. ref'd).

11

The court below asserted in its conclusions of law, and Getman echoes this argument in his brief, that "[t]o hold that the lack of sufficient evidence, the concession by the State[2] and the judge's remarks did not constitute a finding that the defendant did not commit the aggravated assault would be to impose a hypertechnical application to the doctrine of collateral estoppel rather than the realistic and rational approach required" by *Ashe*. *See Ashe*, 397 U.S. at 444 ("rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality"). *Tarver* demonstrates that a finding of fact adverse to the State may be implicit rather than explicit, but we believe that the adverse finding must nevertheless be clear under the circumstances. It was Getman's burden to demonstrate that the factual issue he seeks to foreclose was actually decided at the probation revocation hearing. *See Guajardo*, 109 S.W.3d at 460. It is not hypertechnical to require Getman to meet that burden. We believe that a reasonable and realistic review of the record from the probation revocation hearing reflects at most that the court declined to decide whether Getman committed the alleged assault. On this record, Getman did not meet his burden of showing, as required by *Tarver* and *Guajardo*, that the Nueces County court made a specific finding that he did not commit the aggravated assault, or that his commission of the aggravated assault was not proved.[3]

It is obvious that the court below, based on its own review of the evidence at the Nueces County probation revocation hearing, believed that the State did not prove the aggravated

---

[2] We assume that the concession referred to is the prosecutor's remark during argument at the revocation hearing that "the State has proven, I think, maybe one or two of these allegations, if certainly not all of them."

[3] The absence of a specific finding likewise distinguished *Jaime v. State*, 81 S.W.3d 920 (Tex. App.—El Paso 2002, pet. ref'd), on which Getman heavily relies.

12

assault alleged in the motion to revoke. But the issue raised by Getman's motion to bar prosecution on collateral estoppel grounds, and the question the court below was required to decide, was not whether the State had met its burden of proof at the revocation hearing, but whether the court at that hearing had made a specific finding of fact adverse to the State on an issue essential to Getman's prosecution for aggravated assault. It is not the State's failure to prove an allegation at a revocation hearing that raises a collateral estoppel bar; collateral estoppel applies only if the trial court specifically finds that an allegation was not proved. *Tarver*, 725 S.W.2d at 200. It was Getman's burden to show that this finding was actually made. *Guajardo*, 109 S.W.3d at 460; *Nash*, 817 S.W.2d at 842. He did not satisfy this burden.

## CONCLUSION

The district court below erred by concluding that the Nueces County district court, at the hearing on the State's motion to revoke Getman's probation, decided an issue of ultimate fact that would preclude the State from trying Getman in Travis County for the aggravated assault alleged in the instant indictment. The court's order is reversed and the cause is remanded for further proceedings consistent with this opinion.

_____

Bob Pemberton, Justice

Before Chief Justice Law and Justices Pemberton and Waldrop

Reversed and Remanded

Filed: May 1, 2008

Publish