# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-09-00104-CR

---

**Brandi Dawn Shaw, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. 2044249, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Brandi Dawn Shaw appeals an order revoking community supervision and imposing sentence. She contends that the State was collaterally estopped from asserting the probation violation on which the revocation order was based and that the evidence is insufficient to support the court's finding. We overrule these contentions and affirm the order.

On May 13, 2005, appellant was placed on community supervision in Travis County for five years after she was adjudged guilty of felony driving while intoxicated (DWI). *See* Tex. Penal Code Ann. § 49.04 (West 2003), § 49.09 (West Supp. 2009). On May 1, 2008, a motion to revoke was filed alleging, among other violations, that on March 29, 2008, appellant committed a DWI offense in McLennan County. Following a hearing on the motion, the court ordered that appellant be continued on community supervision subject to amended conditions. On February 6, 2009, another motion to revoke was filed. Once again, one of the alleged violations was

the March 29, 2008, McLennan County DWI. Following a hearing, the trial court found this (and only this) allegation to be true, revoked appellant's community supervision, and imposed sentence of four years' imprisonment.

Appellant contends that the State, having litigated her alleged commission of the McLennan County DWI at the hearing on the May 2008 motion to revoke, was collaterally estopped from reurging it in the February 2009 motion. The State urges that appellant did not preserve this contention for review because she failed to raise it below. Appellant argues that she may raise the issue under the rule announced in *Gonzalez v. State*, 8 S.W.3d 640 (Tex. Crim. App. 2000). In *Gonzalez*, the court held that a double jeopardy violation may be raised for the first time on appeal if the violation is clearly apparent on the face of the record and the enforcement of the usual rules of procedural default would serve no legitimate state interest. *Id*. at 643. The State asserts that *Gonzalez* does not apply to collateral estoppel claims. We conclude that even if *Gonzalez* applies, no collateral estoppel violation is apparent on the face of the record.

The collateral estoppel rule "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). In *Ashe*, the Court held that the Double Jeopardy Clause incorporates collateral estoppel as a constitutional requirement. *Id*. at 445. To determine whether collateral estoppel bars a subsequent prosecution or bars relitigation of certain facts at a subsequent prosecution, courts must determine (1) exactly what facts were necessarily decided in the first proceeding, and (2) whether those necessarily decided facts constitute essential elements of the offense in the second trial. *Ex parte Taylor*, 101 S.W.3d 434,

2

440 (Tex. Crim. App. 2002). The very fact or point in issue must have been determined in the prior proceeding. *Id.* at 441. The entire record from the earlier proceeding must be examined with realism and rationality to determine precisely what fact or combination of facts were necessarily decided and which will then bar their relitigation. *Id.* The question is not whether there is a possibility that an ultimate fact was determined adversely to the prosecution; rather, the outcome of the earlier proceeding must necessarily have been grounded on the issue which the defendant seeks to foreclose from relitigation. *Ladner v. State*, 780 S.W.2d 247, 254 (Tex. Crim. App. 1989). It is the defendant's burden to demonstrate that the factual issue he seeks to foreclose was actually decided in the first proceeding. *Guajardo v. State*, 109 S.W.3d 456, 460 (Tex. Crim. App. 2003).

A probation revocation hearing can give rise to collateral estoppel. *Ex parte Tarver*, 725 S.W.2d 195 (Tex. Crim. App. 1986); *State v. Getman*, 255 S.W.3d 381, 385 (Tex. App.—Austin 2008, no pet.). For collateral estoppel to apply, (1) there must be a fact-finding by the trial court at the probation revocation proceeding that illustrates the basis for the court's decision, and (2) that fact-finding must be adverse to the State on a fact elemental to the subsequent prosecution. *Getman*, 255 S.W.3d at 385 (citing *Jaime v. State*, 81 S.W.3d 920, 926 (Tex. App.—El Paso 2002, pet. ref'd); *Wafer v. State*, 58 S.W.3d 138, 141 (Tex. App.—Amarillo 2001, no pet.)). A finding of fact adverse to the State at a revocation hearing will collaterally estop the State from relitigating that fact at a subsequent revocation hearing. *Ex parte Byrd*, 752 S.W.2d 559, 562-63 (Tex. Crim. App. 1988).

The May 2008 motion to revoke was heard by the trial court on October 6, 2008. The only record we have from that hearing is the court's order, dated the same day. That order recites that "after hearing the evidence submitted, [the court] is of the opinion, and so finds, that the

3

defendant's Community Supervision should be not be revoked [*sic*] at this particular time." The order does not contain any findings of fact, much less a finding adverse to the State on a fact elemental to the McLennan County DWI allegation. All that is shown by the October 6 order is that the court exercised its discretion to continue appellant's community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 21(e) (West Supp. 2009). The mere overruling of a motion to revoke is not an adverse fact-finding that raises a collateral estoppel bar. *Tarver*, 725 S.W.2d at 200. A court may chose to continue a defendant on community supervision even if it finds that the allegations in a motion to revoke are true. *Id*.

It is appellant's burden to demonstrate that a finding adverse to the State regarding an essential element of the McLennan County DWI was actually made at the October 2008 revocation hearing. *See Getman*, 255 S.W.3d at 385. Although a finding of fact adverse to the State may be implicit as well as explicit, it must nevertheless be clear under the circumstances. *Id*. at 388. The mere possibility that an adverse finding was made is not sufficient to raise a collateral estoppel bar. *See Ladner*, 780 S.W.2d at 254. Because no violation of the collateral estoppel component of the Double Jeopardy Clause is apparent on the face of the record, issue one is overruled.

Appellant also seeks to raise her collateral estoppel claim under the Texas Constitution. *See* Tex. Const. art. I, § 14. Appellant concedes that the double jeopardy guarantees found in the Texas and United States constitutions have generally been held to be identical. *See Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997). She notes, however, that in *Bauder v. State*, the court of criminal appeals held that article I, section 14 barred the State from retrying a defendant following a mistrial resulting from a prosecutor's reckless misconduct. 921 S.W.2d 696,

4

699 (Tex. Crim. App. 1996). The federal constitution, on the other hand, bars a retrial only when a prosecutor deliberately provokes a mistrial. *See Oregon v. Kennedy*, 456 U.S. 667, 679 (1982). By analogy to *Bauder*, appellant argues that the Texas Constitution should be held to prohibit the State from reurging a ground for revoking community supervision that a prosecutor failed to prove at an earlier revocation hearing.

*Bauder* and its progeny have been overruled. *Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007). In any event, appellant's argument fails as a factual matter because the record does not demonstrate that the State's proof at the October 2008 hearing was inadequate. As we have already discussed, the trial court's October 6, 2008 order continuing appellant's community supervision does not contain any finding of fact adverse to the State. Issue two is overruled.

Finally, appellant contends that the evidence does not support the trial court's finding that she violated the conditions of supervision by committing the alleged McLennan County DWI. We review the decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). The burden of proof at a revocation hearing is by a preponderance of the evidence; the greater weight of the credible evidence must create a reasonable belief that the defendant violated a condition of supervision. *Id*. at 763-64 (citing *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)).

The principal witness at the revocation hearing was Department of Public Safety Trooper Bradley Couch. Couch testified that at 2:50 a.m. on March 29, 2008, he stopped a car for speeding on Interstate 35 in McLennan County. The driver of the car was Jean Hillen. Appellant

5

was "sprawled out" in the passenger's seat of Hillen's car with her eyes closed. Couch testified that he noticed the odor of alcoholic beverage coming from inside the car, so he asked Hillen to step outside. Couch administered the horizontal gaze nystagmus test to Hillen and detected no clues indicating intoxication. Couch said that he was about to issue Hillen a speeding ticket when appellant, who Hillen had said was intoxicated, "climbed from the passenger seat over into the driver's seat, and the car took off on us." Couch told Hillen to get into his patrol car, and he gave chase. Couch quickly caught up with appellant and succeeded in stopping the car with the assistance of a second trooper. Couch testified that appellant "looked pretty disoriented" and was unable to open the window or unlock the door of the car.

Couch arrested appellant for evading arrest or detention. *See* Tex. Penal Code Ann. § 38.04 (West Supp. 2009). As he drove appellant to the county jail in his patrol car, Couch noticed a "strong odor of alcohol on her person." For most of the drive, "her head slumped over . . . to the door post and her eyes closed." At the jail, appellant was unsteady on her feet and had difficulty maintaining her balance. Her eyes were glazed, and she seemed unaware of what was happening. The officer did not attempt to conduct any field sobriety tests, and appellant refused to submit to a breath test. Couch testified that in his opinion, appellant was intoxicated.

The only other witness at the hearing was the second trooper, David Armstrong. Armstrong testified that his contact with appellant was brief, "but what I did observe was that Ms. Shaw was unable to stand up straight under her own power. She appeared just to be—from my experience, just to be out of it, for lack of better terms."

6

Appellant argues that the odor of alcohol, confusion, and balance problems do not necessarily equate with intoxication. This may be true, but viewing the testimony in the light most favorable to the trial court's order, we find no abuse of discretion in the court's decision to revoke. The trial court could reasonably have found that the greater weight of the credible evidence created a reasonable belief that appellant violated the conditions of her community supervision by driving while intoxicated in McLennan County on March 29, 2008. *See Whisenant v. State*, 557 S.W.2d 102, 105 (Tex. Crim. App. 1977) (holding that testimony of arresting officer at revocation hearing was sufficient to support intoxication finding). Issue three is overruled.

The order revoking community supervision is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: December 3, 2009

Do Not Publish

7