# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00704-CR

### Ex parte Dustin Doan

### FROM COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY, NO. C-1-CR-05-701396, HONORABLE NANCY WRIGHT HOHENGARTEN, JUDGE PRESIDING

## O P I N I O N

While on probation in Brazos County for drug possession, Dustin Doan was charged in Travis County with misdemeanor theft. The Brazos County Attorney moved to have Doan's probation revoked on the basis (among others) that committing the theft violated Doan's conditions of probation. The Brazos County court denied the motion. Doan then applied for a writ of habeas corpus in Travis County, arguing that the Brazos County court's rejection of the theft allegation collaterally estopped his prosecution for theft. The Travis County court ultimately denied Doan's habeas corpus application, and Doan appealed. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 28, 2005, a county court at law in Brazos County sentenced Doan to two years' probation and deferred adjudication on a marijuana-possession charge. *See* Tex. Crim. Proc. Code Ann. art. § 42.12 (West Supp. 2009). The court placed several conditions on Doan's probation, including that Doan not commit other crimes during the probationary period.

On May 17, 2005, Doan was arrested in Travis County for misdemeanor theft. *See* Tex. Penal Code Ann. § 31.03 (West Supp. 2009). On February 6, 2007, the Brazos County Attorney filed a Motion to Proceed with Adjudication of Guilt and Sentence ("motion to revoke") on Doan's previously deferred marijuana-possession charge. The motion alleged, among other things, that Doan had violated the conditions of his probation by committing the theft.

On November 30, 2007, the Brazos County Court at Law held a hearing on the motion to revoke. During the hearing, the Brazos County Attorney called Doan's probation officer and asked her how Doan had violated the condition of his probation that prohibited him from committing other crimes. Doan's attorney objected on hearsay grounds, and the court sustained the objection. The Brazos County Attorney moved on and made no further attempts to introduce evidence concerning the details of Doan's alleged theft.

At the conclusion of the hearing, the court entered an order that stated: "On this November 30, 2007, came to be heard the [S]tate's motion to proceed. The State's failing to meet their [sic] burden of proof, IT IS ORDERED, ADJUDGED AND DECREED that the said criminal action be and the same is hereby dismissed."

On January 30, 2008, Doan applied for a writ of habeas corpus in the Travis County Court at Law where his theft prosecution was pending. He argued that because the Brazos County court had considered and rejected the Brazos County Attorney's theft allegation in denying the motion to revoke, the Travis County Attorney was collaterally estopped from pursuing the theft charge in a separate criminal prosecution.

On May 30, 2008, the Travis County court held a hearing on Doan's habeas corpus application. At the hearing, Doan argued that because the Brazos County court had wholly denied

2

the Brazos County Attorney's motion to revoke, it must have found that the evidence supporting the theft allegation was insufficient. As a result, Doan argued, collateral estoppel barred his theft prosecution. In response, the Travis County Attorney argued that the Brazos County court could not have made an adverse evidentiary finding on the theft allegation because the Brazos County Attorney adduced no evidence on the issue.

The Travis County court granted Doan's habeas corpus application and dismissed the theft charge. The Travis County Attorney appealed, and while his appeal was pending he filed a motion for reconsideration in the trial court. The motion reiterated that the Brazos County court could not have made an adverse evidentiary finding on the theft allegation because the Brazos County Attorney adduced no relevant evidence. Consequently, the Travis County Attorney argued, Doan's theft prosecution was not barred by collateral estoppel.

The Travis County court held a hearing on the Travis County Attorney's motion for reconsideration. It subsequently granted the motion, set aside its previous order granting Doan's habeas corpus application, and ordered the reinstatement of the information charging Doan with theft. Doan appeals.

## STANDARD OF REVIEW

We review de novo a trial court's application of the doctrine of collateral estoppel. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007). We review for abuse of discretion a trial court's ruling on an application for a writ of habeas corpus. *Jaime v. State*, 81 S.W.3d 920, 924 (Tex. App.—El Paso 2002, pet. ref'd).

3

**DISCUSSION**

The sole issue in the this appeal is whether the doctrine of collateral estoppel applies to bar the Travis County Attorney from prosecuting Doan for theft. We hold that it does not, as the Brazos County probation-revocation hearing did not involve the same parties that the Travis County theft prosecution does.[1]

"The doctrine of collateral estoppel 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between *the same parties* in any future lawsuit.'" *Stevens*, 235 S.W.3d at 740 (Tex. Crim. App. 2007) (emphasis added) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). Though the doctrine of collateral estoppel originated in common-law civil litigation, *Reynolds v. State*, 4 S.W.3d 13, 17 (Tex. Crim. App. 1999), it also applies in the criminal context because it is "embodied in the Fifth Amendment guarantee against double jeopardy." *Ashe*, 397 U.S. at 445.

The Supreme Court established that criminal collateral estoppel is a constitutional requirement in *Ashe v. Swenson*. In *Ashe*, the state of Missouri alleged that the defendant, Ashe, was one of several men who had robbed a group of six poker players. After Ashe was tried and acquitted of robbing one of the players, the State tried him for robbing a different player. The second prosecution, based on "substantially stronger" testimony from "witnesses [who] were for the most

---

[1] The parties have not raised this issue, but we reach it because collateral estoppel is a question of law that we examine de novo. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *see also Ex parte Primrose*, 950 S.W.2d 775, 778 (Tex. App.—Fort Worth 1997, pet. ref'd) (we will affirm trial court's decision on habeas corpus application if it is correct on any applicable legal theory).

We note that the issue in this case was present in *Getman v. State*, 255 S.W.3d 381 (Tex. App.—Austin 2008, no pet.), but we declined to reach it and decided the case on other grounds. *Id*. at 387.

part the same," *id*. at 439-40, resulted in a conviction. The Supreme Court concluded that the second prosecution was constitutionally prohibited. Because the "single rationally conceivable issue in dispute before the jury" at the first trial was whether Ashe was one of the robbers, *id*. at 445, the Court held that the jury's verdict of acquittal collaterally estopped the State from trying Ashe for robbing a different player during the same criminal episode: "whatever else th[e] constitutional guarantee [against double jeopardy] may embrace, it surely protects a man who has been acquitted from having to 'run the gantlet' a second time." *Id*. at 445-46 (citations omitted).

*Ashe* addressed only whether collateral estoppel applies against the State when the same question of ultimate fact arises in two successive criminal prosecutions. It did not address whether collateral estoppel applies against the State when the same question of ultimate fact arises in a probation-revocation hearing and then in a criminal prosecution. The Fifth Circuit Court of Appeals has addressed the latter situation, holding that collateral estoppel does not apply when the same question of ultimate fact arises in a probation-revocation hearing and then in a criminal prosecution. *See Showery v. Samaniego*, 814 F.2d 200, 201 (5th Cir. 1987).

The Texas Court of Criminal Appeals has reached the opposite result, holding that collateral estoppel does apply against the State when the same question of ultimate fact arises in a probation-revocation hearing and then in a criminal prosecution. *See Ex parte Tarver*, 725 S.W.2d 195, 197 (Tex. Crim. App. 1986). In reaching that holding, the court acknowledged that the constitutional basis for applying collateral estoppel to criminal proceedings is the Double Jeopardy Clause of the Fifth Amendment. *See id*. at 199. It also acknowledged that, strictly speaking, the Double Jeopardy Clause is not implicated when the State prosecutes a defendant for a crime after using the crime as a basis for having the defendant's probation revoked:

5

> The double jeopardy proscription of the Fifth Amendment to the United States Constitution protects an accused against being twice placed in jeopardy of punishment for "the same offence." In the instant case, if the district court had revoked applicant's probation, the punishment he received would have been for the offense of which he was originally convicted, possession of cocaine. In the county criminal court at law, applicant faces the risk of being punished for the subsequent offense, assault. He is not, therefore, being twice placed in jeopardy for the same offense.

*Id*. at 197. Nevertheless, the court held that it would implicate "one of the risks the Double Jeopardy clauses [sic] protects against"—namely, the risk that the State will take its allegations to a series of fact-finders until it finds one willing to convict—if the State could relitigate facts during a criminal prosecution that it had already litigated during a probation-revocation hearing. *See id*. at 200 (citing *Swisher v. Brady*, 438 U.S. 204, 216 (1978)).

Though *Tarver* adopted *Ashe's* definition of "collateral estoppel," *see id*. at 198, it did not address the meaning of its component phrase "the same parties" or explain how that phrase applies when multiple State agencies are involved in successive lawsuits.[2] The court of criminal appeals later addressed that question in *Reynolds*, 4 S.W.3d 13, where the Texas Department of Public Safety ("DPS") and the Harris County District Attorney tried to litigate the same fact issue in successive suits. A police officer arrested Reynolds for driving while intoxicated, and consequently the DPS brought an administrative proceeding to have Reynolds's driver's license revoked. *Id*. at 14. The presiding administrative law judge found that the arresting officer had

---

[2] It appears that a single State agency, namely the Harris County District Attorney's Office, was involved in both Tarver's probation-revocation hearing and his subsequent criminal prosecution. *See Ex parte Tarver*, 695 S.W.2d 344, 345 (Tex. App.—Houston [1st Dist.] 1985), *aff'd*, 725 S.W.2d 195 (Tex. Crim. App. 1986).

6

lacked reasonable suspicion to stop Reynolds's car. *Id.* Later, when the Harris County District Attorney tried to criminally prosecute Reynolds for the same incident, Reynolds argued that the doctrine of collateral estoppel barred the District Attorney from relitigating whether the arresting officer had reasonable suspicion to stop his car. *See id.* The question before the court, then, was whether facts found adversely to the DPS at an administrative hearing were binding on the District Attorney in a later criminal proceeding. In other words, the question was essentially whether the two State agencies were "the same party" for collateral-estoppel purposes. *See Tarver*, 725 S.W.2d at 198 (doctrine of collateral estoppel bars "same parties" from relitigating issue of ultimate fact determined by valid and final judgment).

The *Reynolds* court answered that question in the negative. *Id.* at 17. In so doing, it adopted the parties analysis contained in Judge Womack's concurrence in *State v. Brabson*, 976 S.W.2d 182 (Tex. Crim. App. 1998) (en banc). *See Reynolds*, 4 S.W.3d at 15. In that concurrence, Judge Womack noted that because of "the fractured nature of Texas government . . .[,] state agencies are not always in privity." *Brabson*, 976 S.W.2d at 186-87 (Womack, J., concurring). He also noted that the State "has given its authority to prosecute . . . to more than three hundred independently elected prosecutors, each of whom exercises authority in an area of the state no larger than a judicial district . . . . [T]here is no central prosecuting authority." *Id.* at 187 (Womack, J., concurring). Finally, he noted that in analyzing whether different state agencies count as the same party for collateral-estoppel purposes, the "'crucial point'" is "whether or not in the earlier litigation the representative of the government had authority to represent its interests in a final adjudication of the issue in controversy." *Id.* at 188 (Womack, J., concurring) (quoting *Sunshine Coal Co. v. Adkins*, 310 U.S. 381, 403 (1940)).

7

Though the *Reynolds* court adopted this analysis, it also recognized that in some circumstances different state agencies do count as the same party—for example, when they attempt to criminally prosecute a defendant twice for the same offense. *See Reynolds*, 4 S.W.3d at 18-19. Nevertheless, the court ultimately held that because Reynolds was not being criminally prosecuted twice for the same offense, the application of collateral estoppel was not constitutionally required. *See id*. at 19-20. That being the case, the court held that in light of Judge Womack's *Brabson* analysis, the DPS and the Harris County District Attorney should not be considered "the same parties" for collateral estoppel purposes. *Id*.

The present case implicates both *Tarver* and *Reynolds*. On the one hand, like *Tarver*, it involves a probation-revocation hearing followed by a criminal prosecution. On the other hand, like *Reynolds*, it involves multiple State agencies. Because of the latter, we must analyze whether "the same parties" were involved in both proceedings. That issue was wholly absent from *Tarver*,[3] so we follow the parties analysis set forth in *Reynolds*.

Under that analysis, the Brazos County Attorney and the Travis County Attorney are not "the same party" for collateral estoppel purposes when one participates in a probation-revocation hearing and the other subsequently participates in a criminal prosecution. First, and most importantly, double jeopardy is not actually a risk here because Doan was not criminally prosecuted twice for the same event. *See id*. Second, as Judge Womack highlighted in his *Brabson* concurrence, the Brazos County Attorney and the Travis County Attorney are independent entities

---

[3] Because *Tarver* involved only one State agency, *see* supra note 2, the court simply stated without elaboration that the parties in both proceedings were the same. *See Tarver*, 725 S.W.2d at 199.

with no control over each others' decision-making processes. *See Brabson*, 976 S.W.2d at 187 (Womack, J., concurring). This means, crucially, that the Brazos County Attorney had no authority to represent the interests of the Travis County Attorney. *See id.* at 188 (Womack, J., concurring) (citing *Sunshine Coal Co.*, 310 U.S. at 403).

In sum, the Travis County Attorney is not collaterally estopped from prosecuting Doan for theft because it did not participate in Doan's Brazos County probation-revocation hearing. *See Reynolds*, 4 S.W.3d at 17. We overrule Doan's issue.

## CONCLUSION

We affirm the order denying Doan's application for a writ of habeas corpus.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   September 16, 2010

Publish

9