# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

═══════════════
## ON REMAND
═══════════════

═══════════════
## NO. 03-08-00704-CR
═══════════════

## Ex parte Dustin Doan

**FROM COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY**
**NO. C-1-CR-05-701396**
**HONORABLE NANCY WRIGHT HOHENGARTEN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

While on community supervision in Brazos County for drug possession, Dustin Doan was charged in Travis County with misdemeanor theft. Soon after learning of Doan's arrest, the Brazos County Attorney moved to adjudicate Doan's guilt and revoke his community supervision on the grounds (among others) that committing the theft and not reporting his arrest violated Doan's conditions of supervision. After holding a hearing, the Brazos County trial court determined that the State had failed to meet its burden of proof and dismissed the "criminal action." Doan then applied for a writ of habeas corpus in Travis County, arguing that the Brazos County trial court's rejection of the theft allegation barred his prosecution for theft. Ultimately, the Travis County trial court denied Doan's habeas corpus application, and Doan appealed. We will affirm.

**BACKGROUND**

In February 2005, a Brazos County trial court placed Doan on two years of community supervision and deferred adjudication of a marijuana-possession charge. *See* Tex. Code Crim. Proc. Ann. art. 42.12 (West Supp. 2012) (setting out circumstances in which community supervision may be imposed). The court placed several conditions on Doan's community supervision, including that Doan not commit other crimes during that period of time and that he inform his probation officer if he is arrested within 48 hours of his arrest.

A few months after being placed on community supervision, Doan was arrested in Travis County for misdemeanor theft. *See* Tex. Penal Code Ann. § 31.03 (West Supp. 2012) (defining offense of theft). After learning of the arrest, the Brazos County Attorney filed a motion to revoke Doan's community supervision and to adjudicate his guilt for Doan's previously deferred marijuana-possession charge. The motion alleged, among other things, that Doan had violated the conditions of his community supervision by committing the theft and by failing to notify his probation officer that he had been arrested within 48 hours of his arrest.

In response to the motion to revoke, the Brazos County trial court convened a hearing. During the hearing, the Brazos County Attorney called Doan's probation officer and asked her to explain how Doan had violated the condition of his community supervision that prohibited him from committing other crimes. Doan's attorney objected on hearsay grounds, and the court sustained the objection. Subsequent to that ruling, the Brazos County Attorney made no further attempts to introduce evidence concerning the details of Doan's alleged theft. At the conclusion of the hearing, the court entered an order that stated: "On this November 30, 2007, came to be heard the [S]tate's

2

motion to proceed. The State's failing to meet [its] burden of proof, IT IS ORDERED, ADJUDGED AND DECREED that the said criminal action be and the same is hereby dismissed."

Subsequent to the ruling from the Brazos County trial court, Doan applied for a writ of habeas corpus in the Travis County trial court where his theft prosecution was pending, and the Travis County trial court held a hearing. During the hearing and in his motion, Doan argued that because the Brazos County court had considered and rejected the theft allegation when it issued its ruling, the Travis County Attorney was barred from pursuing the theft charge in a separate criminal prosecution. In response, the Travis County Attorney argued that the Brazos County court could not have made an adverse evidentiary finding on the theft allegation because the Brazos County Attorney adduced no evidence on the issue.

Originally, the Travis County trial court granted Doan's habeas corpus application and dismissed the theft charge. After the trial court's ruling, the Travis County Attorney filed a motion for reconsideration. The motion reiterated that the Brazos County court could not have made an adverse evidentiary finding on the theft allegation because the Brazos County Attorney adduced no relevant evidence. Accordingly, the Travis County Attorney argued that Doan's theft prosecution was not barred. The Travis County court held a hearing on the Travis County Attorney's motion for reconsideration and subsequently granted the motion, set aside its previous order granting Doan's habeas corpus application, and ordered the reinstatement of the information charging Doan with theft.

After the Travis County court issued its final ruling, Doan appealed the trial court's determination. *See Jaime v. State*, 81 S.W.3d 920, 924 (Tex. App.—El Paso 2002, pet. ref'd)

3

(explaining that defendant may file pretrial writ of habeas corpus claiming that prosecution was precluded by determination made in probation-revocation proceeding). On appeal, this Court initially affirmed the trial court's ruling. *See Ex parte Doan*, 322 S.W.3d 896, 901 (Tex. App.—Austin 2010) ("*Doan I*"), *rev'd*, 369 S.W.3d 205 (Tex. Crim. App. 2012) ("*Doan II*"). In that appeal, Doan again asserted that the Travis County Attorney was precluded from prosecuting him for theft. *Id.* at 898. In our opinion, we explained that if an issue has been determined by a final judgment, res judicata precludes the issue from being relitigated in a future lawsuit between the same parties. *Id.*[1] Further, we concluded that the Brazos County Attorney and the Travis County Attorney

---

[1] In the original appeal, Doan argued that his theft prosecution was barred by collateral estoppel. *Doan I*, 322 S.W.3d at 898. However, when Doan appealed our determination to the court of criminal appeals, the court stated that the issue was "whether the doctrine of *res judicata* applies to bar a prosecution for a criminal offense in one county after a prosecutor in another county unsuccessfully attempted to revoke the defendant's community supervision on the ground that he committed the same offense." *Doan II*, 369 S.W.3d at 205-06. Furthermore, in a footnote, the court explained that although it had used the phrase "collateral estoppel" in a prior case addressing a similar issue, the issue under consideration in the prior case was whether res judicata applied. *Id.* at 212-13 n.33.

In light of the court of criminal appeals' clarification, we will frame Doan's issue in terms of res judicata, but we note that courts seem to use these terms interchangeably and that cases addressing the issue of whether a ruling in a revocation proceeding may bar a subsequent prosecution for an alleged offense have framed the issues in terms of collateral estoppel. *See Ex parte Tarver*, 725 S.W.2d 195 (Tex. Crim. App. 1986); *Getman v. State*, 255 S.W.3d 381 (Tex. App.—Austin 2008, no pet.). As explained in a concurring opinion by the court of criminal appeals, res judicata refers to the effect that a prior adjudication has on all subsequent litigation and "encompasses claim preclusion and issue preclusion." *York v. State*, 342 S.W.3d 528, 553 (Tex. Crim. App. 2011) (Womack, J., concurring). Further, the opinion explained that "[c]laim preclusion prohibits a second suit based on the same claim between the same parties" but that "[i]ssue preclusion prohibits a party from relitigating an issue . . . that was previously determined in a suit between the same parties." *Id.* In addition, the opinion related that issue preclusion has been referred to as collateral estoppel. *Id.* at n.4. Regardless of the way it is described, what is being addressed in this case is whether the Travis County prosecution for the alleged theft is precluded due to a determination made in the revocation hearing.

4

were "not 'the same party' for [res judicata] purposes when one participates in a probation-revocation hearing and the other subsequently participates in a criminal prosecution." *Id.* at 901.

Shortly after we issued our opinion and judgment, Doan appealed, and the court of criminal appeals reversed our decision. *Doan II*, 369 S.W.3d at 213. In particular, the court stated that "as a matter of state law, a prosecuting authority who alleges a criminal offense in a community supervision revocation hearing represents the same state interests as a prosecuting authority who later alleges the same criminal offense in a trial" and that this Court "erred in holding that two prosecuting authorities could not be the same party for *res judicata* purposes." *Id.* at 212-13. Accordingly, the court of criminal appeals remanded the case to this Court to address Doan's issue in light of their ruling. *Id.* at 213.

## STANDARD OF REVIEW

The applicant has the burden of establishing his entitlement to relief through a writ of habeas corpus, and the decision to grant or deny relief "is a matter of discretion" for the trial court. *Ex parte King*, 134 S.W.3d 500, 502 (Tex. App.—Austin 2004, pet. ref'd); *see Jaime*, 81 S.W.3d at 924 (explaining that appellate courts review habeas corpus ruling for abuse of discretion). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). However, the "decision to apply [res judicata] is a question of law, applied to the facts, for which *de novo* review is appropriate." *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007). In light of this, the trial court's determination regarding whether "issues of ultimate fact were determined" at the Brazos County trial court preclude Doan's prosecution for theft "is an application of law to facts question that does not involve a

5

determination of credibility and demeanor" and is, therefore, subject to de novo review. *See Getman v. State*, 255 S.W.3d 381, 384 (Tex. App.—Austin 2008, no pet.).

## DISCUSSION

On appeal, Doan contends that the Travis County trial court erred by setting aside its previous order that had granted his requested habeas relief. In particular, Doan argues that the doctrine of res judicata prohibits the State from pursuing the misdemeanor theft charge.

As mentioned above, under the doctrine of res judicata, if an issue of ultimate fact has been determined by a final and valid judgment, the issue cannot be litigated again in a future lawsuit between the same parties. *Id.* To ascertain whether an issue is precluded, "courts must determine (1) exactly what facts were necessarily decided in the first proceeding, and (2) whether those necessarily decided facts constitute essential elements of the offense in the second trial." *Id.* For the issue to be barred, the "very fact or point of issue must have been determined in the prior proceeding." *Id.* "The entire record from the earlier proceeding must be examined with realism and rationality to determine precisely what fact or combination of facts were necessarily decided and which will then bar their relitigation." *Id.* at 384-85. Moreover, the defendant bears the burden of demonstrating that the factual issue that he believes is barred from consideration was decided in the prior proceeding. *Guajardo v. State*, 109 S.W.3d 456, 460 (Tex. Crim. App. 2003).

As support for his assertion that res judicata applies in this case, Doan primarily relies on a decision by the court of criminal appeals. *See Ex parte Tarver*, 725 S.W.2d 195 (Tex. Crim. App. 1986); *see also Doan II*, 369 S.W.3d at 212-13 n.33 (explaining that although *Tarver* addressed issue in terms of collateral estoppel, issue was whether "*res judicata*, whatever its basis, applied").

6

In *Tarver*, the court of criminal appeals explained that res judicata can arise from determinations made in a probation-revocation hearing. 725 S.W.2d at 197. In that case, the State moved to revoke a defendant's probation on the ground that he had committed an assault. *Id.* at 196. Once the State rested, the defense counsel asserted that the State had not offered proof that a crime had been committed, and the trial court entered a finding of "not true" and explained that it "found the evidence in this case to be totally incredible." *Id.* at 198. After the trial court entered its finding, the defendant filed a writ of habeas corpus in the trial court in which his assault charge was pending and argued that the State was barred from prosecuting him for the offense due to the "not true" finding made in the revocation hearing. *Id.* at 196. Subsequent to holding a hearing, the trial court denied the habeas relief requested. *Id.* On appeal, the court of criminal appeals reversed the trial court's determination and explained that res judicata prohibits an issue of ultimate fact from being relitigated between the same parties in any future lawsuit if the issue has been determined by "'a valid and final judgment.'" *Id.* at 198 (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). In light of this explanation, the court further concluded that "it is clear that a fact issue, i.e. whether applicant assaulted the complainant, has been found adversely to the State" and that the State was "attempting to relitigate the same issue." *Id.* Accordingly, the court decided that the prosecution for the assault charge was barred. *Id.* at 200.

We believe that Doan's reliance on *Tarver* is misplaced. As an initial matter, we note that during the revocation hearing in *Tarver*, the State called three witnesses, including the alleged victim, to testify about the assault. *Id.* at 198. Moreover, prior to the hearing on Tarver's request for habeas relief, the State stipulated that the alleged victim would be testifying and that his

7

testimony would be identical to that given in the probation-revocation hearing. *Id.* In this case, no stipulation regarding the evidence was entered during the habeas proceeding, and as discussed earlier, no evidence or testimony was introduced regarding the alleged theft. Although the motion to revoke stated that Doan "did then and there intentionally appropriate, by acquiring or otherwise exercising control over, property, to-wit: general store merchandise, specific items and quantities unknown . . . without the effective consent of the owner and with intent to deprive the owner of the property," no further details about the alleged offense were provided.

In any event, when the court of criminal appeals made its determination in *Tarver*, it cautioned "the narrowness of [its] holding" and stated that "[a] mere overruling of a State's motion to revoke probation is not a fact-finding that will act to bar subsequent prosecution for the same alleged offense." *Id.* at 200. On the contrary, the court explained that "[i]t is only in the particular circumstances of this case, where the trial court does make a specific finding of fact that the allegation is 'not true,' that a fact has been established so as to bar relitigation of that same fact." *Id.*; *see also Wafer v. State*, 58 S.W.3d 138, 141 (Tex. App.—Amarillo 2001, no pet.) (explaining that res judicata only applies if there has been determination during revocation proceeding that demonstrates grounds for decision and if determination is adverse to State on element necessary to subsequent prosecution). The need for a specific finding and the limitation imposed by the court of criminal appeals make sense given that trial courts "may opt not to revoke for a myriad of reasons unrelated to whether or not the State sufficiently proved its grounds for revocation." *See Wafer*, 58 S.W.3d at 141. Accordingly, future prosecutions will be precluded only if a trial court "specifically

8

finds that an allegation was not proved," and a subsequent prosecution is not barred simply because the State failed to prove an allegation at a revocation hearing. *See Getman*, 255 S.W.3d at 388.

In this case the trial court conducting the revocation hearing did not enter a finding of "not true" regarding the theft allegation. The absence of that type of finding alone would seem to prevent the application of res judicata under the limited holding of *Tarver*. Moreover, as mentioned earlier, in addition to listing the alleged theft in its motion to revoke, the State asserted several other reasons for adjudicating Doan's guilt and revoking his community supervision, including failing to timely report his arrest, using a controlled substance, and tampering with a sample submitted for drug testing. During the revocation hearing, the testimony focused on these other grounds for revocation, and when the trial court made its determination, it stated that the "State has failed to meet its burden of proof" without specifying which ground or grounds for revocation it was referring to. Under these circumstances, the trial court's ruling is analogous to a "mere overruling" of a motion to revoke, which *Tarver* explained is insufficient to bar a subsequent prosecution. *See* 725 S.W.2d at 200. Our determination that no preclusive effects stemmed from the trial court's ruling is also supported by the fact that the trial court chose to dismiss the "criminal action" rather than deny the motion to revoke or enter a finding of "not true" for any of the alleged violations. *Cf. In re C.L.*, 874 S.W.2d 880, 885 (Tex. App.—Austin 1994, no writ) (concluding that *Tarver* did not apply because trial court just dismissed counts and made no affirmative finding on offense alleged). In reaching this conclusion, we must also consider the fact that it was Doan's burden to prove that the issue was decided during the hearing in Brazos County. *See Guajardo*, 109 S.W.3d at 460.

Although the facts in this case differ significantly, our determination is consistent with the analysis and holding of a recent case by this Court. *See Getman*, 255 S.W.3d at 387-89. In *Getman*, a motion to revoke was filed that alleged, among other grounds, that the defendant had committed an assault and failed to report his arrest. *Id.* at 385. After a revocation hearing, the trial court found only that the defendant had failed to report his arrest and, therefore, violated a condition of his probation. *Id.* at 386-87. In light of that ruling, the defendant argued that the State was prohibited from prosecuting him for the assault that led to his arrest. *Id.* In determining that the prosecution was not barred, this Court reasoned that the court conducting the revocation proceeding made no finding regarding the assault and instead refused to make any finding regarding the assault. *Id.* at 387. As support for this conclusion, we pointed to statements by the trial court that indicated that the trial court was focused on the defendant's arrest and failure to report and was "not interested" in the allegations regarding the assault. *Id.* Accordingly, we determined that a "reasonable and realistic review of the record from the probation revocation hearing reflects at most that the court declined to decide whether Getman committed the alleged assault." *Id.* at 388.[2]

---

[2] As support for his assertion that the prosecution for theft may not proceed, Doan refers to *Wafer v. State*, 58 S.W.3d 138 (Tex. App.—Amarillo 2001, no pet.). In that case, a motion to revoke was filed alleging that the defendant had committed a crime by delivering a controlled substance, and the trial court decided not to revoke the defendant's probation and made various statements indicating that it was "not convinced by a preponderance of the evidence that the allegations contained in the motion" to revoke were true but that it was not making any finding regarding whether the allegations were true or not true. *Id.* at 140. The defendant argued that the trial court's determination precluded the prosecution in another court for the crime of delivery of a controlled substance. *Id.* On appeal, the court determined that although the trial court asserted that it was not making any findings of facts, "its expressions were sufficient to illustrate the adjudication of a fact adversely to the State" and were related to the defendant's guilt or innocence. *Id.* at 141.

10

Although the appellate court in *Wafer* determined that the prosecution for delivery of a controlled substance was barred even though the trial court did not explicitly enter a finding of "not true" during the revocation proceeding, we do not believe that the analysis in *Wafer* necessarily applies to the circumstances in this case. As an initial matter, it appears from the case that the motion to revoke only alleged one ground for revocation: delivery of a controlled substance. If only one ground was listed in the motion, the trial court's statements about not being convinced by a preponderance of the evidence would have a more direct connection with the allegation than the trial court's statements in the present case because the present case involved several grounds for revocation. Moreover, the trial court in *Wafer* specifically mentioned the delivery-of-a-controlled-substance charge in its discussion explaining that it was not convinced by a preponderance of the evidence. Regardless, even assuming that the State in *Wafer* alleged more than one ground and that the analysis in *Wafer* would compel a determination that collateral estoppel applies in this case, we are not bound by the decision in *Wafer*.

In his brief, Doan also relies on *Jaime v. State*, 81 S.W.3d 920 (Tex. App.—El Paso 2002, pet. ref'd). In that case, Jaime filed a writ of habeas corpus contending that the State was precluded from prosecuting him for aggravated assault due to a determination made during a probation-revocation proceeding. *Id.* at 923. In its motion to revoke probation, the State asserted that Jaime had committed aggravated assault and listed several other grounds for revocation. *Id.* Near the end of the hearing, Jaime argued that the State "hasn't proved anything," and the trial court responded, "Exactly true. Okay? Motion to revoke denied." *Id.* n.1. After the motion to revoke was denied, Jaime filed a writ of habeas corpus and argued that the State could not prosecute the aggravated assault case because it presented no evidence during the revocation proceeding. *Id.* at 923. When interpreting the determination made during the revocation hearing, the trial court presiding over the habeas proceeding, which may have been the same court that convened the revocation hearing, stated that the assault allegation was litigated at the revocation hearing and that the State presented no evidence of one of the elements of the assault. *Id.* at 924. In light of those specific determinations, the appellate court determined that a finding adverse to the State was made during the revocation hearing and that a finding of "no evidence" is essentially the same as a finding of "not true." *Id.* at 927. Accordingly, the appellate court determined that the assault charge was barred from prosecution. *Id.*

In the present case, there was no specific finding that the theft charge was fully litigated in the revocation proceeding or that the State provided no evidence of the elements of the offense. Accordingly, we do not believe that the analysis in *Jaime* compels a conclusion that the theft charge is barred from prosecution. As with *Wafer*, even if the analysis in *Jaime* could be read as applying to the circumstances present in this appeal, we are not bound by the analysis in that opinion or its result.

11

For these reasons, we do not believe that Doan met his burden of demonstrating that a factual issue was decided in a prior proceeding that bars the Travis County Attorney from prosecuting him for theft. *See Guajardo*, 109 S.W.3d at 460. Accordingly, we overrule Doan's sole issue on appeal.

## CONCLUSION

Having overruled Doan's sole issue on appeal, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed on Remand

Filed:   December 21, 2012

Do Not Publish