Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





EX PARTE: MARTIN LUJAN

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-03-00378-CR

Appeal from the

County Court

of Pecos County, Texas

(TC# 10,301)





O P I N I O N

           Martin Lujan appeals from an order denying habeas corpus relief. We affirm.
I. SUMMARY OF THE EVIDENCE
           On June 25, 1991, Appellant waived his rights to a jury trial and counsel, and entered
a plea of guilty to driving while intoxicated. The court assessed punishment at a $150 fine
and 60 days in the county jail, but suspended the sentence and placed Appellant on probation
for twelve months. Appellant waived his right to appeal. Appellant satisfactorily completed
his probation term, including the Texas DWI Education Program, which consisted of twelve
hours of instruction.
           On June 24, 1993, Appellant was arrested in connection with federal drug charges. 
He was convicted by a jury on multiple counts and sentenced on November 1, 1993 to 240
months of imprisonment and supervised release for five years. The court also imposed a
$25,000 fine. He appealed, but his conviction was affirmed on February 24, 1995.


 In 1997,
Appellant initiated additional proceedings in the federal district court to vacate his
convictions, including a writ of habeas corpus. On June 26, 1998, the federal district court
entered an order dismissing with prejudice Appellant’s motion to vacate. Appellant filed a
notice of appeal, but the United States Court of Appeals dismissed his appeal in 1999.
           On July 11, 2002, Appellant filed an application for writ of habeas corpus in the
County Court of Pecos County, alleging that his plea of guilty made eleven years earlier was
involuntary because he had not been informed of his right to counsel. He later amended his
writ application to allege that his plea was involuntary because he had not been provided with
an interpreter at the guilty plea hearing. At the hearing on the writ application, the trial court
considered Appellant’s oral deposition. In that deposition, Appellant stated that he did not
speak or write any English in 1991. The court proceedings were conducted in English and
an interpreter was not provided. He was not advised of his right to counsel but instead was
instructed to sign the forms so that he could be released from jail.
           The Honorable Fredie Jack Capers, former judge of the Pecos County Court, testified
at the hearing on the writ application. Judge Capers did not recall the specifics of this case
but explained the procedures he used whenever a defendant did not speak English. Judge
Capers, who speaks Spanish, believed that a defendant who did not speak English would feel
disadvantaged and perhaps intimidated if the judge interpreted the proceedings;
consequently, he always had an interpreter present in the courtroom. He admitted that the
interpreter was not certified. He was thorough in his instructions and did not accept the
guilty plea until he was certain that the defendant understood the admonishments, including
the right to counsel. His signature on the admonishments form reflected that he had
determined the defendant understood the charge against him, his rights, and the nature of the
proceedings. After reviewing the evidence, the trial court entered an order denying the relief
sought by Appellant. The court was not asked to and did not enter findings of fact and
conclusions of law.
II. DISCUSSION
           In his sole issue on appeal, Appellant contends that the trial court erred in denying his
application for writ of habeas corpus because an interpreter was not provided for him at the
guilty plea, and consequently, he did not understand the proceedings and did not voluntarily
waive his right to counsel. Alternatively, he argues that the court failed to provide a certified
interpreter.
           In a post-conviction writ of habeas corpus proceeding, the burden is upon the
applicant to demonstrate his entitlement to relief by a preponderance of the evidence. See
Meraz v. State, 950 S.W.2d 739, 741 (Tex.App.--El Paso 1997, no pet.); Guzman v. State,
841 S.W.2d 61, 67 (Tex.App.--El Paso 1992, pet. ref’d). We review the trial court’s denial
of habeas corpus relief under an abuse of discretion standard. Jaime v. State, 81 S.W.3d 920,
924 (Tex.App.--El Paso 2002, pet. ref’d); Ex parte Ayers, 921 S.W.2d 438, 441 (Tex.App.--Houston [1st Dist.] 1996, no pet.). The reviewing court accords great deference to the trial
court’s findings and conclusions and views the evidence in a light most favorable to the
ruling. Jaime, 81 S.W.3d at 924; Ex parte Pipkin, 935 S.W.2d 213, 215 (Tex.App.--Amarillo
1996, pet. ref’d).
           We will first address Appellant’s argument that his plea is involuntary because the
court failed to appoint a certified interpreter. Article 38.30(a) of the Code of Criminal
Procedure, which was in effect in 1991, provides as follows:
When a motion for appointment of an interpreter is filed by any party or on
motion of the court, in any criminal proceeding, it is determined that a person
charged or a witness does not understand and speak the English language, an
interpreter must be sworn to interpret for him. Any person may be
subpoenaed, attached or recognized in any criminal action or proceeding, to
appear before the proper judge or court to act as interpreter therein, under the
same rules and penalties as are provided for witnesses. In the event that the
only available interpreter is not considered to possess adequate interpreting
skills for the particular situation or the interpreter is not familiar with use of
slang, the person charged or witness may be permitted by the court to nominate
another person to act as intermediary between himself and the appointed
interpreter during the proceedings.

Tex.Code Crim.Proc.Ann. art. 38.30(a) (Vernon Supp. 2004-05).
Thus, the trial court was not required to provide a certified interpreter.
           There is no record of the original guilty plea. The plea papers and judgment reflect
that Appellant knowingly and voluntarily made a judicial confession and waived his right to
counsel and other rights. The trial court specifically found that Appellant understood his
rights, including his right to counsel, and had voluntarily waived them. Appellant on the
other hand, testified by deposition that he did not read or speak any English at the time of the
guilty plea and no interpreter was provided. He signed the judicial confession and waivers
in order to be released from jail. The trial court judge, who speaks Spanish, testified that he
always provided an interpreter for those defendants who needed it and he took precautions
to ensure that each defendant fully understood the proceedings. Given the conflicts in the
evidence, we are unable to find that the trial court abused its discretion by denying the relief
sought in Appellant’s petition for a writ of habeas corpus. Issue No. One is overruled and
the order denying habeas corpus relief is affirmed.
 
                                                                  RICHARD BARAJAS, Chief Justice
March 31, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)