

**NUMBER 13-11-138-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## EX PARTE CHRISTIAN BLAIR ROBINSON

---

**On appeal from the 24th District Court
of Jackson County, Texas.**

---

# OPINION

**Before Justices Rodriguez, Benavides, and Vela
Opinion by Justice Vela**

Applicant, Christian Blair Robinson, appeals the trial court's denial of his request for relief on pretrial habeas corpus.[1] Robinson, who is charged with capital murder, sought release from custody in the Jackson County Jail under article 17.151 of the Texas

---

[1] *See* TEX. R. APP. P. 31.

Code of Criminal Procedure,[2] because more than ninety days had elapsed before he was indicted. After a hearing, the trial court denied relief, declared article 17.151 unconstitutional, and set bond at $750,000. In two issues, Robinson contends the trial court erred by denying relief under article 17.151 and by declaring article 17.151 unconstitutional. We affirm the trial court's order denying habeas relief and reverse and render that part of the order declaring that article 17.151 is unconstitutional.

## I. BACKGROUND

On July 28, 2010, Robinson was arrested for the capital murder of a child under six years of age[3] and was incarcerated in the Jackson County Jail without bond. On November 19, 2010, 114 days after his arrest, a Jackson County grand jury indicted him for the offense. On January 19, 2011, Robinson's defense counsel filed a pretrial application for writ of habeas corpus, requesting relief under article 17.151. The writ application alleged, in relevant part that: (1) Robinson was arrested on July 28, 2010 for the offense of capital murder; (2) no bond has been set for this case; (3) he is illegally confined by the Jackson County Sheriff; (4) as of October 26, 2010, which is ninety days from the start of his incarceration, no indictment had been returned; thus, the State could not announce ready for trial within ninety days of his arrest; and (5) release is required pursuant to article 17.151, because the indictment was not returned until November 19, 2010, some 114 days after his arrest. In addition, he alleged that because he is being held without bond, his confinement is illegal and in violation of the Eighth and Fourteenth Amendments to the United States Constitution, article 1, sections 11 and 13 of the Texas

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 17.151 (West Supp. 2010).

[3] *See* TEX. PENAL CODE ANN. § 19.03(a)(8) (West Supp. 2010).

2

Constitution, and articles 1.07, 1.09, 17.15, and 17.151 of the Texas Code of Criminal Procedure.

On February 11, 2011, the trial court heard Robinson's pretrial application for writ of habeas corpus, during which defense counsel requested "bail relief" under article 17.151, arguing, in relevant part, that article 17.151:

> is clear that when 90 days is exceeded, the Court must release the defendant in one of two ways; either on a personal bond or by reducing the amount of bail. In [Robinson's] case his indigency is such that basically he could not make any bail, and so we are here today asking you to, under that section of the Code of Criminal Procedure, release him on personal bond. Failing that, we ask you to set bond at an amount that conceivably a person of his indigency could make.

In response, the prosecutor argued that article 17.151 is "unconstitutional" because "the Legislature is attempting to infringe upon the trial court's constitutionally granted powers. . . ." The prosecutor asked the trial court "to set a bond that the Court feels is reasonable based upon the nature of the offense, which is capital murder of a child, and based upon the prior conduct of the defendant and the protection of society." With respect to Robinson's prior conduct, the prosecutor argued that Robinson "was under four indictments[4] at the time he allegedly committed this capital murder, and the Court could take into consideration that there's probable cause that he committed capital murder in assessing what the bond is."

After hearing arguments, the trial court ruled that article 17.151 is unconstitutional because "it is an attempt by the Legislature to invade the province of the district courts, . .

---

[4] The trial court admitted these indictments into evidence during the habeas hearing. State's exhibit 1 is an indictment for burglary of a habitation, State's exhibit 2 is an indictment for possession of a controlled substance (cocaine), State's exhibit 3 is an indictment for evading detention with a vehicle, and State's exhibit 4 is the capital murder indictment in this case.

3

. ." The trial court, after considering article 17.15 of the Texas Code of Criminal Procedure, set bond at $750,000. This appeal followed.

## II. DISCUSSION

### A. Whether Article 17.151 Requires Robinson's Release

In his first issue, Robinson contends the trial court erred in denying the relief he requested under article 17.151 of the Texas Code of Criminal Procedure.

#### 1. Standard of Review

We review a trial court's decision to grant or deny an application for writ of habeas corpus for an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Jaime v. State*, 81 S.W.3d 920, 925 (Tex. App.—El Paso 2002, pet. ref'd). To prevail on a writ of habeas corpus, the proponent must prove the allegations by a preponderance of the evidence. *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.); *Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995). However, when the defendant complains that the State was not ready within the statutory time period of article 17.151, the State has the burden "to make a prima facie showing that it was ready within the applicable time period." *Jones v. State*, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991). "The State may accomplish this either by announcing within the allotted time that it is ready, or by announcing retrospectively that it had been ready within the allotted time." *Id.* "The State cannot announce ready for trial when there is no indictment." *Ex parte Castellano*, 321 S.W.3d 760, 763 (Tex. App.—Fort Worth 2010, no pet.) (citing *Ex parte McNeil*, 772 S.W.2d 488, 489 (Tex. App.—Houston [1st Dist.] 1989, no pet.) (citing *Pate v. State*, 592 S.W.2d 620, 621 (Tex. Crim. App.

4

1980)).

### 2. Analysis

Article 17.151 provides the following, in relevant part:

> Sec. 1.   A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:
>
> (1)     90 days from the commencement of his detention if he is accused of a felony[.]

TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West Supp. 2010).   Robinson's detention began when he was arrested for the offense of capital murder on July 28, 2010. However, the indictment was not returned until November 19, 2010, 114 days after his detention commenced.   Because the State was not ready for trial of the criminal action for which Robinson is being detained within ninety days of the commencement of his detention, the State did not comply with the requirements of article 17.151.   *See id.*; *see also Ex parte Castellano*, 321 S.W.3d at 763 (stating that "[t]he State cannot announce ready for trial when there is no indictment.").

Citing to *Ex parte Rowe*, 853 S.W.2d 581 (Tex. Crim. App. 1993), Robinson argues that an indigent defendant, like himself, is entitled to release on a personal-recognizance bond under article 17.151.   In *Ex parte Rowe*, the defendant sought release from pretrial detention based upon article 17.151 because the State failed to indict him within the ninety-day period that followed his incarceration.   *Id.* at 581–82.   The court of criminal appeals concluded that in such a situation, article 17.151 requires a trial court to reduce a defendant's bail to an amount the record reflects that he or she can afford, or to release a

5

defendant on personal bond when the record reflects that he or she cannot make any bond. *Id.* at 582 & n.1; *see* TEX. CODE CRIM. PROC. ANN. art. 17.151.

However, a trial court's discretion in fixing a defendant's bail is governed by article 17.15 of the Texas Code of Criminal Procedure, which contains rules for fixing the amount of a defendant's bail. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005). In May 1993, when the court of criminal appeals reached its decision in *Rowe*, article 17.15 allowed but did not require trial courts to consider the future safety of a victim of the respective alleged offense in fixing the defendant's bail. *See* Act of May 23, 1985, 69th Leg., R.S., ch. 588, § 2, 1985 Tex. Gen. Laws 2219 (amended 1993) (*current version at* TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005)). At that time, the statute was silent with respect to whether a trial court could consider community-safety concerns in determining the question of bail. *See id.* After the court of criminal appeals decided *Rowe*, the Legislature amended article 17.15. The amended version of the statute applicable in Robinson's case places a mandatory duty on courts to consider the future safety of the community in fixing the amount of a defendant's bail. *See* Act of May 22, 1993, 73rd Leg., R.S., ch. 396 § 1, 1993 Tex. Gen. Laws 1694, 1695; *see also* TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005) (stating the amount of bail required in any case is "regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and the following rules: . . . 5. The future safety of a victim of the alleged offense and the community shall be considered[.]").

Article 17.15 applies to all bail hearings. *See id.* (stating "[t]he amount of bail to be required *in any case* is to be regulated by the court, judge, magistrate or officer taking the bail . . . .") (emphasis added). "By placing a mandatory duty on trial courts to consider the safety of the victim and the safety of the community in fixing bail in all cases, the Legislature requires trial courts to consider a factor that is not related to the amount the defendant can afford to pay." *Ex parte Matthews*, 327 S.W.3d 884, 887 (Tex. App.—Beaumont 2010, no pet.). In *Matthews*, the Court stated:

> We doubt that the Legislature intended to mandate trial courts to release defendants on bail on a personal bond or based solely on the amount they can afford in cases in which the defendant, although unable to pay a significant bail, represents a real threat to his victim or to the community; these are considerations that extend beyond the criteria of article 17.151 § 1 which focuses only upon the defendant's ability to pay.

*Id.* at 887; *see Jones*, 803 S.W.2d at 716 (stating "that in setting bail, '[t]he ability of accused to make bond is not alone controlling[.]'") (quoting *Ex parte Cascio*, 140 TEX. CR. R. 288, 144 S.W.2d 886 (1940)).

The legislative mandate requiring trial courts to consider victim and community safety extends to "any case," which includes a release on bail that is sought based on the State's delay in bringing the defendant to trial. *Ex parte Matthews*, 327 S.W.3d at 887; *see* TEX. CODE CRIM. PROC. ANN. art. 17.15. Nevertheless, when an accused "has been incarcerated and there has been a ninety-day period of delay in which the State has not announced ready for trial, the trial court must either release the defendant on a personal bond or allow the defendant to secure his release by setting a bail in some amount." *Ex parte Matthews*, 327 S.W.3d at 887–88. In fixing the amount of bail in a case to which article 17.151 applies, "trial courts have been authorized to consider victim and

7

community safety concerns in determining the amount of bail that is appropriate to require." *Id.* at 888.

In this case, the trial judge could reasonably infer that community-safety concerns existed, which then allowed him to exercise his discretion in fixing Robinson's bail at $750,000. Orders setting bail are reviewed on appeal to determine whether the trial court abused its discretion. *See Ex parte Ruiz*, 129 S.W.3d 751, 753 & n.2 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981)). In determining Robinson's bail, the trial judge had before him the indictment, charging Robinson with capital murder. Taking into account the mandatory duty that trial courts have to consider the future safety of the community in fixing the amount of a defendant's bail, we cannot say the trial court abused its discretion by setting bail at $750,000. Issue one is overruled.

## B. Constitutionality of Article 17.151

In issue two, Robinson contends the trial court erred in declaring article 17.151 of the Texas Code of Criminal Procedure unconstitutional. At the habeas hearing, the trial court ruled that article 17.151 is unconstitutional because "it is an attempt by the Legislature to invade the province of the district courts . . . ." Citing *Jones v. State*, 803 S.W.2d 712 (Tex. Crim. App. 1991), Robinson argues that article 17.151 is constitutional.

We note that the *Jones* court determined that article 17.151 did not infringe upon a prosecutorial function, but also did not decide the "potentially prickly" question of whether article 17.151 interfered with the "uniquely judicial function" of setting bail. *Jones*, 803 S.W.2d at 716 n.3. However, under *Jones's* reasoning, the right created by article

8

17.151 falls within the constitutionally mandated power of the Legislature and does not violate separation of powers by interfering with the powers of the judiciary. *Ex parte Ancira*, 942 S.W.2d 46, 48 (Tex. App.—Houston [14th Dist.] 1997, no pet.). First, the *Jones* Court noted that the Legislature may create a new right under its general plenary power only "if that right [does] not infringe upon another department's separate power." *Jones*, 803 S.W.2d at 716. Then, later in the opinion, the court stated that "surely it is within the plenary power of the Legislature to provide that under certain circumstances an accused be released pending the outcome of his trial." *Id.* at 717. Drawing upon this analysis, the court in *Ex parte Ancira* stated:

> If the Legislature may only exercise its plenary power when that exercise does not infringe on the powers of another department, and the Legislature "surely" may exercise its plenary power to create a right such as that contained in 17.151, the legislative creation of 17.151 could not infringe upon the separate power of the judiciary. We therefore conclude that in passing 17.151 the Legislature did not assume a power that is more "properly attached" to another branch, or unduly interfere with another branch so that branch could not effectively exercise its constitutionally assigned powers.

942 S.W.2d at 48. We agree with the reasoning in *Ex parte Ancira* and hold that article 17.151 does not violate the separation of powers clause of the Texas Constitution. *See id.*; *see also Jones*, 803 S.W.2d at 717 (holding "that Article 17.151 . . . does not violate separation of powers."). Article 17.151 is, therefore, constitutional. We delete all language from the trial court's ruling in which it declares article 17.151 unconstitutional. Issue two is sustained.

9

### III. CONCLUSION

We affirm the trial court's order denying habeas corpus relief. We reverse and render that part of the order declaring article 17.151 unconstitutional. We reform the order to reflect that article 17.151 of the Texas Code of Criminal Procedure is constitutional because it does not violate the separation of powers clause of the Texas Constitution.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of April, 2012.