**Opinion issued June 30, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00905-CR

———————————

## EX PARTE HECTOR CLAUDIO, Appellant

---

**On Appeal from the County Criminal Court at Law No. 7
Harris County, Texas
Trial Court Case No. 2037085**

---

## MEMORANDUM OPINION

Appellant, Hector Claudio, appeals from the pre-trial denial of his application for writ of habeas corpus based on collateral estoppel. In his application for writ of habeas corpus, appellant argues that the State cannot prosecute him for a misdemeanor driving while intoxicated (DWI) offense because he was previously tried for the same offense in a different county. The trial court denied his application.

We affirm.

## BACKGROUND

In October 8, 2014, appellant was placed on probation in Dallas County for obstructing a highway passageway. On January 12, 2015, appellant was arrested for DWI in Harris County. As a result, on January 29, 2015, the State moved to adjudicate and revoke appellant's probation in Dallas County based on the January 12, 2015 DWI arrest in Harris County. After posting bond, appellant set the revocation for a contested hearing, pleading not true to the allegation. The trial court initially granted the motion to adjudicate and revoke appellant's probation. Appellant filed a motion to reconsider because "evidence of an arrest is insufficient to justify a finding of true to the allegation he committed a new offense." On April 13, 2015, the trial court reconsidered its ruling and denied the State's motion to adjudicate and revoke probation noting on its order, "State's Motion to Adjudicate Guilt in above-referenced matter is denied based on relevant case-law. Court has reconsidered prior ruling and denies State's motion."

On May 28, 2015, appellant filed an application for writ of habeas corpus due to collateral estoppel in Harris County, arguing that the Dallas County trial court's adverse finding on the January 12, 2015 DWI offense precludes the State from trying him for the same offense in Harris County. On October 16, 2015, the trial court denied appellant's application, which resulted in appellant's appeal to this Court.

2

**STANDARD OF REVIEW**

The applicant has the burden of establishing his entitlement to relief through a writ of habeas corpus, and the decision to grant or deny relief "is a matter of discretion" for the trial court. *Ex parte King*, 134 S.W.3d 500, 502 (Tex. App.—Austin 2004, pet. ref'd); *see Jaime v. State*, 81 S.W.3d 920, 924 (Tex. App.—El Paso 2002, pet. ref'd) (explaining that appellate courts review habeas corpus ruling for abuse of discretion). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). However, the "decision to apply [res judicata] is a question of law, applied to the facts, for which de novo review is appropriate." *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007). In light of this, the trial court's determination regarding whether "issues of ultimate fact were determined" at the Dallas County trial court preclude appellant's prosecution for DWI "is an application of law to facts question that does not involve a determination of credibility and demeanor" and is, therefore, subject to de novo review. *See Getman v. State*, 255 S.W.3d 381, 384 (Tex. App.—Austin 2008, no pet.).

**ANALYSIS**

On appeal, appellant argues that the trial court's order denying the State's motion to adjudicate and revoke probation must be considered an "adverse ruling" to the allegation that appellant "committed a new offense in Harris County."

3

We note at the outset that we do not have a reporter's record from the proceedings before the trial court in Dallas County. Our record consists of the trial court's docket sheet notations, the State's motion to adjudicate, the Dallas County trial court's order granting the defendant's motion for reconsideration of the probation revocation, and the habeas hearing before the Harris County trial court.

The record from the habeas hearing before the Harris County trial court shows that appellant's counsel also represented him in the motion to adjudicate proceedings in Dallas County. Counsel testified at the habeas hearing and explained that the Dallas County trial court initially granted the motion to adjudicate but later denied the State's motion. During the habeas hearing, the trial court stated, "[I]t wasn't that [the trial court] found it not true, but [the trial court] just denied the motion." Appellant's counsel later agreed that "There was no true or not true in either finding" but that the trial court's decision was an adverse ruling.

In support of his argument that the Dallas County trial court gave an adverse ruling that collaterally estops the State from prosecuting him for DWI in Harris County, appellant relies on *Ex parte Doan*, 369 S.W.3d 205, 212–13 (Tex. Crim. App. 2012) and *Ex parte Tarver*, 725 S.W.2d 195 (Tex. Crim. App. 1986).

In *Doan*, the Texas Court of Criminal Appeals reversed the appellate court after determining that "as a matter of state law, a prosecuting authority who alleges a criminal offense in a community supervision revocation hearing represents the

4

same state interests as a prosecuting authority who later alleges the same criminal offense in a trial" and that the court of appeals "erred in holding that two prosecuting authorities could not be the same party for res judicata purposes." *Ex parte Doan*, 369 S.W.3d at 212–13. *Doan* did not conclude that the case was collaterally estopped. That question was remanded to the court of appeals. *Id*. at 213 ("We reverse the Court of Appeals's judgment and remand the case to that Court so that it may consider the claims briefed by the parties.").

On remand, the court of appeals determined that the trial court conducting the revocation hearing did not enter a finding of "not true" regarding the theft allegation. *See Ex parte Doan*, 03–08–00704–CR, 2012 WL 6698987, at *4 (Tex. App.— Austin Dec. 21, 2012, pet. ref'd). The court stated that "the absence of that type of finding alone would seem to prevent the application of res judicata." *Id*. The court also noted that the State asserted other reasons to revoke probation and that the testimony at the revocation hearing focused on these other grounds for revocation. *Id*. When the trial court stated that the State failed to meet its burden of proof without specifying which ground or grounds for revocation it was referring to, the court of appeals held that "the trial court's ruling is analogous to a 'mere overruling' of a motion to revoke." *Id*. It therefore concluded that the applicant did not meet his burden of demonstrating that a factual issue was decided in a prior proceeding that collaterally estopped the State from a subsequent prosecution. *Id*. at *5.

In *Ex parte Tarver*, 725 S.W.2d 195 (Tex. Crim. App. 1986), the Texas Court of Criminal Appeals affirmed this Court's opinion holding that the State could not re-litigate in a subsequent prosecution when a trial court found the probation revocation not true. The court of criminal appeals stated, "the issue of whether applicant committed the particular assault alleged in the information has been found adversely to the State, and the doctrine of collateral estoppel bars relitigating that issue in the county criminal court at law prosecution." 725 S.W.2d at 200. However, *Tarver* also made clear that its holding was very narrow. It stated, "A mere overruling of a State's motion to revoke probation is not a fact-finding that will act to bar subsequent prosecution for the same alleged offense." *Id.*

Based on the record before this Court, the Dallas County trial court overruled the State's motion to revoke probation without a fact finding on the DWI allegation. Specifically, the trial court's order states that "State's motion to adjudicate guilt in above-referenced matter is denied based on relevant case-law. Court has reconsidered prior ruling and denies State's motion." Similar to *Doan* but unlike *Tarver*, the record here does not show that the Dallas County trial court made a specific fact finding—that the allegation of the Harris DWI offense was not true. Rather, the Dallas County trial court's order is more analogous to a "mere overruling of a motion to revoke." *See Tarver*, 725 S.W.2d at 200. Thus, we disagree with

6

appellant that *Doan* and *Tarver* compels us to conclude that the Dallas County trial court made an adverse finding.

Appellant also argues that "when the State presents 'no evidence,' the State fails to prove the new offense was committed and this is considered an adverse finding of fact ruling for the purposes of collateral estoppel," relying on *Jamie*, 81 S.W.3d at 927. Appellant mischaracterizes the holding in *Jamie*. There, the trial court specifically found in its order that "no evidence of the defendant driving a motor vehicle was presented." *Id.* at 924. The court of appeals held that this was a finding of fact adverse to the State and that a "specific finding of 'no evidence' is tantamount to finding of 'not true.'" *Id.* at 927. Unlike in *Jamie*, we have not been presented any evidence that the Dallas County trial court made a finding that the State presented no evidence.

We therefore conclude that because the trial court did not make a finding adverse to the State, the State is not collaterally estopped from prosecuting appellant for DWI in Harris County. *See Getman*, 255 S.W.3d at 388 (appellant did not satisfy burden to show that trial court specifically found that allegation was not proved).

## CONCLUSION

We affirm the trial court's order that denied appellant's application for writ of habeas corpus. We deny any outstanding motions as moot.

Sherry Radack<br>
Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish.  TEX. R. APP. P. 47.2(b).